1   MEREDITH N. LANDY
    mlandy@omm.com
2   PETER T. SNOW
    psnow@omm.com
3   O'MELVENY & MYERS LLP
    2765 Sand Hill Road
4   Menlo Park, CA  94025
    Telephone:   (650) 473-2600
5   Facsimile:   (650) 473-2601

6   Attorneys for Defendants
    Rackable Systems, Inc., Thomas K. Barton, Madhu
7   Ranganathan and Todd R. Ford

8
                        **UNITED STATES DISTRICT COURT**
9
                        **NORTHERN DISTRICT OF CALIFORNIA**
10

11
    | IN RE RACKABLE SYSTEMS INC. | Case No.  C-09-0222-CW |
12  | SECURITIES LITIGATION | |
    | | <u>CLASS ACTION</u> |
13  | | |
    | THIS DOCUMENT RELATES TO: | **REPLY IN SUPPORT OF REQUEST FOR** |
14  | ALL ACTIONS. | **JUDICIAL NOTICE** |
    | | |
15  | | Date:  November 19, 2009 |
    | | Time:  2:00 p.m. |
16  | | Courtroom:  2, 4th Floor |

17

18

19

20

21

22

23

24

25

26

27

28

## INTRODUCTION

Plaintiffs object to only eight documents for which Defendants seek judicial notice. Those eight documents are analyst reports subject to judicial notice under Federal Rule of Evidence 201 to show the total mix of information available to investors during the Class Period. Plaintiffs do not dispute that the analyst reports are "capable of accurate and ready determination by resort to sources whose accuracy cannot be questioned." See Fed. R. of Evid. 201(b). Plaintiffs assert that the Court may not take judicial notice of the analyst reports because (i) the Court may not take judicial notice of the truth of their contents, and (ii) they are not directly referenced in the Complaint. Neither of Plaintiffs' objections has merit. Defendants do not request that the Court take judicial notice of the analyst reports for their truth. Further, courts routinely take judicial notice of documents, including analysts reports, that are not directly referenced in a complaint where plaintiffs assert claims for purported securities fraud. For these reasons, the Court should grant Defendants' Request for Judicial Notice ("RJN") in its entirety.

## ARGUMENT

### I. JUDICIAL NOTICE IS PROPER TO ESTABLISH WHETHER AND WHEN INFORMATION WAS PROVIDED TO THE MARKET

Defendants' RJN requests that this Court take judicial notice of eight analyst reports, Exhibits 31-34 and 36-39 (the "Analyst Reports"), for the purpose of "establish[ing] whether and when certain information was provided to the market." RJN at 2-3. Such information is directly relevant to whether the Complaint meets the heightened standard for pleading securities fraud under the PSLRA. *See, e.g., In re Stac Electronics Sec. Litig.*, 89 F.3d 1399, 1408 (9th Cir. 1996). Courts therefore regularly consider such documents in ruling on motions to dismiss in securities class actions. *See In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d 1106, 1116 n.10 (C.D. Cal. 2003); *In re Wet Seal, Inc. Secs. Litig.*, 518 F. Supp. 2d 1148, 1157-58 (C.D. Cal. 2007); *In re Copper Mountain Secs. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. 2004) (Noting that a "court may take judicial notice of information that was publicly available to reasonable investors at the time the defendant made the allegedly false statements."); *In re Network Assocs., Inc. Sec. Litig.*, No. C 00-CV-4849, 2003 WL 24051280, at *1 n.3 (N.D. Cal. Mar. 25, 2003) (taking

NOTICE C-09-0222-CW

judicial notice of SEC filings, press releases, and accounting rules not referenced in Complaint).

Plaintiffs assert that the Court may not take judicial notice of the Analyst Reports because they were not "quoted, referenced or relied on" by plaintiffs in the Complaint. Opp. to RJN at 3.[1] Defendants, however, do not request judicial notice of these documents under the incorporation by reference doctrine, which is a separate basis for taking judicial notice of documents in connection with a motion to dismiss. Plaintiffs attempt to distinguish *Network Associates* on the ground that the court in that case did not specify whether the judicially noticed documents were cited in the complaint. *See* Opp. to RJN at 5 n.3. This merely underscores, however, that whether a document is explicitly incorporated into a complaint is not dispositive of whether judicial notice is proper. Plaintiffs also attempt to distinguish *In re Infonet Servs. Corp.* because the analyst reports in that case were submitted to support the movants' argument that plaintiffs were on inquiry notice. *See id.* (citing *In re Infonet Servs. Corp. Sec. Litig.*, 310 F. Supp. 2d at 1116 n.10). The court in *Infonet*, however, did not identify that fact as any limitation on its holding that "[a]mong the public documents a court may consider in a motion to dismiss securities fraud claims are analyst reports when they are submitted to establish 'whether and when certain information was provided to the market.'" *In re Infonet Servs. Corp.*, 310 F. Supp. 2d at 1116 n.10 (citation omitted).

In the securities cases cited by plaintiffs, the courts decline to take judicial notice of documents that were not essential to deciding the pending motions to dismiss. *See, e.g., In re Juniper Networks, Inc. Sec. Litig.*, No. 3:02-CV-01030, 2004 WL 547598, at *3 (N.D. Cal. Mar. 11, 2004) (declining to take judicial notice of certain documents and dismissing complaint with prejudice); *In re Healthsouth Corp. Sec. Litig.*, No. CV-98-J-2634-S, 2000 WL 34211319, at *8-*9 (N.D. Ala. Dec. 13, 2000) (recognizing that judicial notice of analyst reports is permitted, but declining to take judicial notice of reports "under the circumstances of this case") (citing *Padnes v. Scios Nova, Inc.*, No. C. 95-1693 MHP, 1996 WL 539711, at *9 (N.D. Cal. Sept. 18, 1996)); *In re Turbodyne Techs., Inc. Sec. Litig.*, No. CV9900697MMMBQRX, 2000 WL 33961193, at *9

---

[1] This brief uses "Opp. to RJN" to refer to Plaintiffs' Objections and Responses to Defendants' Request for Judicial Notice, filed September 14, 2009.

1  (C.D. Cal. Mar. 15, 2000) (declining to take judicial notice of analyst report and dismissing
2  complaint); *In re Acterna Corp. Sec. Litig.*, 378 F.Supp. 2d 561, 571 (D. Md. 2005) (declining to
3  take judicial notice of documents not referenced in the complaint and dismissing complaint).  In
4  *Cooper v. Pickett*, also cited by plaintiffs, the court held it was inappropriate to take judicial
5  notice of a witness declaration and previously unreleased transcriptions of conference calls, the
6  authenticity of which was in dispute.  137 F.3d 616, 623 (9th Cir. 1997).  Defendants have not
7  requested that the Court take judicial notice of such evidence here, and plaintiffs do not dispute
8  the authenticity of the Analyst Reports.

9  Plaintiffs' assertion that defendants request judicial notice of the Analyst Reports to
10 dispute contested factual issues has no merit.  Defendants' purpose in requesting judicial notice of
11 the Analyst Reports is to assist in the Court's determination of whether the Amended Complaint
12 has satisfied the PSLRA's heightened pleading standard.  This determination necessarily involves
13 consideration of the Amended Complaint's allegations in the context of the total mix of
14 information provided to the market.  *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct.
15 2499, 2509 (2007); *Stac Elecs.*, 89 F.3d at 1409-10 (granting motion to dismiss securities class
16 action where company and third-party information in the marketplace demonstrated that the
17 alleged misstatements were not false or misleading).  Because defendants only seek judicial
18 notice of the analyst reports to show the information available to the market and not for the
19 underlying truth of their contents, the Court should take judicial notice of the Analyst Reports for
20 this proper purpose.

21 **CONCLUSION**

22 Based on the foregoing, Defendants respectfully request that this Court grant Defendants'
23 RJN in its entirety.

Dated:  October 21, 2009

MEREDITH N. LANDY  
PETER T. SNOW  
O'MELVENY & MYERS LLP

By:_____  
      Meredith N. Landy

Attorneys for Defendants  
Rackable Systems, Inc., Thomas K. Barton, Madhu Ranganathan and Todd R. Ford

MP1:1183277.2